IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ODIS BANKS, # 1717887,** § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Case No. 3:15-CV-3340-D-BK |
| § | |
| **LUPE VALDEZ,** § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening of the amended complaint. Doc. 6. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Plaintiff names as defendant Dallas County Sheriff Lupe Valdez, and alleges that his "property was lost misplaced or stolen" when he was confined at the Dallas County Jail. Doc. 6 at 4. Plaintiff does not identify the type of property or the date the property was lost, misplaced, or stolen, but merely asserts that Sheriff Valdez is "responseable [sic] for inmates and welfare and also stored property of inmates at the County." Doc. 6 at 4. Plaintiff requests that his property be replaced and that he be compensated for "lost time" in filing this civil action. Doc. 6 at 4.

**II. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte*

dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's complaint should be summarily dismissed as frivolous.

Plaintiff's pleadings do not allege any direct involvement by Defendant Valdez in the misplacement or misappropriation of his property. Plaintiff only asserts that, in her capacity as sheriff of Dallas County, Defendant Valdez is responsible for inmates and their welfare at the Dallas County Jail. (Doc. 6 at 4). However, supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-677 (2009). Therefore, Plaintiff's claim against Defendant Valdez is legally frivolous.

Even if Plaintiff had named a proper defendant, Plaintiff's property deprivation claim fails on the merits. To state a claim under section 1983, a plaintiff must allege facts that show that (1) he has been deprived by the defendant of a right secured by the Constitution and the laws of the United States, and (2) the defendant was acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). However, whether intentional or negligent, a "random

and unauthorized" deprivation of property neither violates the Constitution nor states a claim under section 1983 when adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas law provides adequate state post-deprivation remedies, including a state action for the Texas tort of conversion. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Murphy v. Collins*, 26 F.3d 541, 543–544 (5th Cir. 1994)); *see also Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) ("[i]n Texas, when an inmate's property is taken without compensation, his remedy is in state court, not federal court). Here, because adequate state post-deprivation remedies are available to Plaintiff, his claim based on the alleged seizure of his personal property while confined at the Dallas County Jail is legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but in this instance, Plaintiff's claims are fatally infirm. *See Brewster,* 587 F.3d at 767-768 (while generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, . . . [g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"). Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[1]

SIGNED this November 18, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."